IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dominique Bridgewater,           :

    Petitioner,              :

  v.                               :       Case No. 2:09-cv-711

Warden Ross Correctional         :       JUDGE FROST
Institution,

    Respondent.              :

REPORT AND RECOMMENDATION

On August 11, 2009, this Court received an application to proceed *in forma pauperis* and a petition for a writ of habeas corpus, filed under 28 U.S.C. §2254, from petitioner Dominique Bridgewater, a state prisoner. The Court subsequently ordered the Respondent Warden to file a return of writ. That return (filed in the form of a motion to dismiss) was filed on October 30, 2009, and asserted that this case must be dismissed because the petition was not timely filed. Petitioner has not filed a traverse. For the following reasons, it will be recommended that the petition be dismissed as time-barred.

I. Procedural History

There is no dispute about what occurred during the course of state court proceedings, or when the various relevant events occurred.

Mr. Bridgewater was arrested in 2006 and charged with aggravated murder. He was accused of killing the victim, Jason Bucknor, in a drug-related shooting. He went to trial and was convicted of a lesser-included offense, murder. On June 8, 2007, the trial court sentenced petitioner to fifteen years to life on that charge, and an additional three years on a firearm

specification.

Petitioner filed a timely appeal of his conviction to the Franklin County Court of Appeals. On February 7, 2008, that court affirmed his conviction. See State v. Bridgewater, 2008 WL 324407 (Franklin Co. App. February 7, 2008). Under Ohio law, petitioner had 45 days within which to file a timely appeal to the Ohio Supreme Court. He did not do so. On May 20, 2008, he filed a motion for delayed appeal, arguing that he had filed an appeal within the original 45-day period, but it was rejected because he exceeded the page limits for such an appeal and included attachments not permitted by rule. On July 9, 2008, the Ohio Supreme Court denied his motion for a delayed appeal. Petitioner pursued no other relief in state court, but filed his §2254 petition here on August 11, 2009.

## II.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on
collateral review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of due diligence.

(2) The time during which a properly filed application
for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of
limitation under this subsection.

### III. Respondent's Argument and the Court's Analysis

Respondent's statute of limitations argument is straightforward. Petitioner's conviction became final, for limitations purposes, 45 days after the Franklin County Court of Appeals affirmed his conviction on February 7, 2008, because he did not file a timely request for review with the Ohio Supreme Court. Thus, the statute of limitations began to run on March 23, 2008. It ran until he filed his motion for delayed appeal on May 20, 2008, a period of 57 days. It was tolled during the pendency of that motion, but started running again on July 9, 2008, when the Ohio Supreme Court denied the motion. At that point, there were 308 days remaining in the limitations period. 308 days from July 9, 2008 is May 13, 2009. Under this calculation, the petition, which the Court received on August 11, 2009, was filed almost three months too late.

This Court has often dealt with this same statute of limitations issue. In Pahoundis v. Voorhies, 2009 WL 1911887, *3 (S.D. Ohio June 30, 2009), adopted 2009 WL 2176116 (S.D. Ohio July 31, 2009), the Court resolved the issue as follows:

> Here, petitioner's conviction became final on December 30, 2005, forty-five days after the appellate court's November 15, 2005, dismissal of his direct appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. See Searcy v. Carter, 246 F.3d 515, 518-19 (6th Cir.2001); Ohio Supreme Court Rule of

> Practice II, Section 2(A)(1)(a). The statute of
> limitations ran for thirty days, until January 30,
> 2006, when petitioner filed a motion for delayed appeal
> with the Ohio Supreme Court. Petitioner's motion for
> delayed appeal tolled the running of the statute of
> limitations until March 29, 2006, when the Ohio Supreme
> Court denied his motion for delayed appeal. Lawrence v.
> Florida, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924
> (2007).... Therefore, the statute of limitations
> expired on February 27, 2007.

The analysis here is exactly the same. Respondent is therefore correct that the statute of limitations ran prior to the time that petitioner submitted his petition on August 11, 2009.

Although petitioner did not file a traverse and argue that he should be given relief from the statute of limitations, he might argue that his effort to file a timely appeal with the Ohio Supreme Court, which was thwarted by his failure to comply with the applicable rules of that Court, should be taken into account. As respondent correctly points out, any equitable tolling of the statute of limitations under the AEDPA is quite limited. See, e.g., King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004). None of the five factors set forth in that decision appears to apply here. Whatever reasons petitioner might have had for being unaware of the requirements for filing his appeal to the Ohio Supreme Court, he still had about ten months after it was denied to file his petition in this Court. He has not argued that he was unaware of the fact that a statute of limitations applies to habeas corpus petitions under 28 U.S.C. §2254 or that he could not have filed this petition in a timely manner. Under these circumstances, he is not entitled to any equitable tolling of the statute of limitations. Therefore, this case is time-barred and it must be dismissed for that reason.

IV. Recommendation

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus, filed under 28 U.S.C. §2254, be dismissed as untimely.

V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge